IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAY GRACE, # 249283, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 1:19-cv-918-WHA-CSC |
| ) | (WO) |
| LEON BOLLING, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Alabama inmate Ray Grace's petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on November 20, 2019. Doc. 1.[1] Grace challenges his 2006 Houston County convictions for capital murder and robbery in the first degree. Respondents argue that Grace's petition is time-barred under the one-year federal limitation period. Doc. 17. The undersigned agrees and finds that Grace's § 2254 petition should be denied without an evidentiary hearing and that this case should be dismissed with prejudice.

### **I. BACKGROUND**

On August 17, 2006, a Houston County jury found Grace guilty of one count of capital murder, in violation of ALA. CODE § 13A-5-40(a)(2), and one count of robbery in

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

the first degree, in violation of ALA. CODE § 13A-8-41. Doc. 17-3 at 95–96. On October 6, 2006, the trial court sentenced Grace to life in prison without parole for the capital murder conviction and to life in prison for the robbery conviction. Doc. 17-3 at 144–51.

Grace appealed, and on September 19, 2008, the Alabama Court of Criminal Appeals affirmed his convictions and sentence by memorandum opinion. Docs. 17-15, 17-17. Grace did not apply for rehearing or petition the Alabama Supreme Court for a writ of certiorari. On October 8, 2008, the Alabama Court of Criminal Appels issued a certificate of judgment. Doc. 17-18.

On January 29, 2018, Grace, proceeding pro se, filed a petition in the trial court seeking relief from his convictions and sentence under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 17-19 at 8. In his Rule 32 petition, Grace argued that his trial counsel was ineffective for failing to make a timely motion for a mistrial based on a prejudicial comment by a juror and failing to make a proper *Batson* motion[2] challenging the State's use of its peremptory strikes. Doc. 17-19 at 10–11. On August 15, 2019, the trial court entered an order denying Grace's Rule 32 petition as time-barred under Ala. R. Crim. P. 32.2(c). Doc. 17-21. Grace didn't appeal the denial of his Rule 32 petition.

Grace, proceeding pro se, filed this § 2254 petition on November 20, 2019. Doc. 1. He presents claims that (1) the trial erred by failing to declare a mistrial based on a prejudicial comment by a juror; (2) the State violated *Batson* in using its peremptory

---

[2] *Batson v. Kentucky*, 476 US 79 (1986).

2

strikes; and (3) he received ineffective assistance of trial counsel. Doc. 1 at 5–7, 15–16; Doc. 1-1.

Respondents answer that Grace's petition is time-barred by the AEDPA's one-year statute of limitations.[3] Doc. 17 at 3–6.

## II.   DISCUSSION

### A.   The AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for filing a § 2254 petition. Title 28 U.S.C. § 2244(d) of the AEDPA states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] Respondents also argue that Grace's claims are procedurally defaulted. Doc. 17 at 3.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.      Analysis of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), the AEDPA's one-year limitation period runs from the date on which a petitioner's state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)). Here, after the Alabama Court of Criminal Appeals issued its memorandum opinion affirming Grace's convictions and sentence on September 19, 2008, Grace filed no application for rehearing. He also did not seek certiorari review in the Alabama Supreme Court. On October 8, 2008, the Alabama Court of Criminal Appeals issued a certificate of judgment, which concluded direct review in Grace's case, finalized the state court judgment, and started the running of the one-year limitation period under § 2244(d)(1)(A). *See Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006); *Rickman v. Butler*, 2014 WL 3729577, at *6 (N.D. Ala. July 21, 2014). Absent some tolling event, whether statutory or equitable, Grace had one year, or until October 8, 2009, to file a § 2254 petition.

    1.      **Statutory Tolling**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under

this section." Although Grace filed a Rule 32 petition on January 29, 2018, that filing (and all related proceedings that followed) had no tolling effect under § 2244(d)(2), because the AEDPA's limitation period ran unabated for the full year from October 8, 2008, to October 8, 2009, and thus had expired long before the Rule 32 petition was filed. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.*; *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

Nor do the provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) provide any safe harbor for Grace by affording a different triggering date so that the AEDPA's one-year limitation period commenced on some date later than October 8, 2008, or expired on some date later than October 8, 2009. That is, there is no evidence that an unlawful state action impeded Grace from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B); Grace presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see* 28 U.S.C. § 2244(d)(1)(C); and Grace submits no ground for relief with a factual predicate not discoverable earlier with due diligence, *see* 28 U.S.C. § 2244(d)(1)(D).

The controlling limitation period for Grace's petition is the one set forth in § 2244(d)(1)(A). Grace filed his § 2254 petition on November 20, 2019—over ten years after the AEDPA's statute of limitations expired.

## 2. Equitable Tolling

The AEDPA's statute of limitations may be equitably tolled on grounds besides those in the habeas statute if a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S. Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

Grace argues he is entitled to equitable tolling because "the Alabama Department of Corrections failed to provide him with adequate legal assistance to prepare a postconviction petition, and therefore he was unable to timely file his Rule 32 petition." Doc. 1 at 16. However, a petitioner has no constitutional right to counsel in a Rule 32 proceeding. *Smith v. Alabama*, 2019 WL 7999215, at *18 (N.D. Ala. May 7, 2019). Likewise, a petitioner has no right to legal assistance in a federal habeas action. *Newman v. Hetzel*, 2012 WL 1900591, at *9 (M.D. Ala. Apr. 30, 2012). Thus, Grace had no right to the assistance of counsel in preparing his state Rule 32 petition or his federal habeas petition at some earlier time. A petitioner's lack of representation during the filing period is an insufficient ground for equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th

Cir. 1999). *See also, e.g., Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (petitioner's pro se status is insufficient to support equitable tolling of the statute of limitations); *Henderson v. Johnson*, 1 F.Supp.2d 650, 656 (N.D. Tex. 1998) (claims that petitioner "did not have professional legal assistance [and] 'did not know what to do' . . . are far from the extraordinary circumstances required to toll the statute"). Finally, for a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999). Grace shows no causal connection between the alleged lack of legal assistance in preparing his state Rule 32 petition and his untimely filing of his § 2254 petition over ten years after the AEDPA's statute of limitations expired.

Consequently, Grace fails to establish his entitlement to equitable tolling, and his § 2254 petition is time-barred by the AEDPA's statute of limitations. His claims, therefore, are not subject to review on the merits.[4]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Grace's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice, because the petition was filed after expiration of the

---

[4] The AEDPA's statute of limitations can be overcome—allowing review of the merits of otherwise time-barred claims—if a petitioner makes a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Grace does not allege that he is actually innocent.

7

AEDPA'S one-year statute of limitations, 28 U.S.C. § 2244(d) and the untimely filing is not otherwise excused.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **May 16, 2022.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 2nd day of May, 2022.

                                     /s/ Charles S. Coody
                                     CHARLES S. COODY
                                     UNITED STATES MAGISTRATE JUDGE